IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50139
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOLORES BERNAL-GARCIA;
EFRAIN URIAS-VALENZUELA,

Defendants-Appellants.

- - - - - - - - - -
Appeals from the United States District Court
for the Western District of Texas
USDC No. P-96-CR-47
- - - - - - - - - -
June 2, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

The defendants Dolores Bernal-Garcia and Efrain Urias-Valenzuela argue that their convictions for conspiracy and possession with intent to distribute marijuana were not supported by sufficient evidence at trial.

Because the appellants did not move for a judgment of acquittal at the close of the Government's case or after the jury verdict was entered, the standard of review of their claim of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient evidence is restricted to whether there has been a manifest miscarriage of justice. A manifest miscarriage of justice occurs only if the record is devoid of evidence pointing to a defendant's guilt. United States v. Shannon, 21 F.3d 77, 83 (5th Cir. 1994). The testimony of the appellants' coconspirators considered in conjunction with the conflicting statements made by the defendants following their arrest provided sufficient evidence of their guilt.

Bernal-Garcia argues for the first time on appeal that the stop and seizure made by the Border Patrol agents were illegal because they were not based on a reasonable suspicion or probable cause. Appellate review of this issue is barred because the defendants did not file a motion to suppress evidence in the district court in accord with the Federal Rules of Civil Procedure. See United States v. Chavez-Valencia, 116 F.3d 127, 134 (5th Cir. 1997), cert. denied, 118 S. Ct. 325 (1997).

AFFIRMED.